LAURA A. WEST *vs.* MARSHALL O. WEST & another.

Worcester. October 1, 1891. — January 7, 1892.

Present: ALLEN, HOLMES, KNOWLTON, MORTON, & BARKER, JJ.

*Deed — Covenant to stand seised — Estate for Life.*

The grantor of land, before marriage with the grantee and in consideration there-
of, executed and delivered to her a deed of the land, providing that it should
take effect when the marriage was consummated, the grantor to have the use
of the land during his life, and the grantee, if she survived him, "to have the
right to use and dispose of the said premises for her comfortable support." *Held,*
that the deed could be construed as a covenant to stand seised, and supported
at least so far as to give to the grantee after the grantor's death an estate for
her life, under which she was entitled to the possession of the premises.

---

WRIT OF ENTRY to recover a parcel of land in East Brook-field. Plea, *nul disseisin.* The case was submitted to the Superior Court, and, after judgment for the plaintiff, to this court, on appeal, on agreed facts, as follows.

Stephen O. West, on May 15, 1884, in consideration of the demandant's becoming his "lawfully wedded wife," executed and delivered to her a warranty deed in the usual form of the demanded premises, which contained the following: "And it is intended by this deed that the said grantee shall have the right to use and dispose of the said premises for her comfortable support in case of my death, and in case there is any portion of said estate remaining at her death such remainder shall go to Marshall O. West and his heirs. It is also intended by this deed, that it shall not cut off the grantee's right of dower in my other real estate of which I may die seised, and it is also intended that I shall have the use of said estate during my life, and in case the said grantee should die before I do, the said granted premises shall revert to me. And it is agreed that this deed shall take effect when the marriage above mentioned is consummated."

Subsequently on the same day Stephen O. and the demandant were married, and thereafter lived together as husband and wife, and during their married life he enjoyed the demanded premises. He died intestate on June 1, 1890, and the demandant claimed a freehold in the whole of the premises under the above deed. The tenants are the heirs at law of Stephen O., and after his death took possession of the premises and are enjoying the same, and exclude the demandant therefrom, and admit no other right or title in her except an unassigned dower interest.

*F. H. Gillett & J. C. Gray,* for the tenants.

*W. S. B. Hopkins,* (*F. B. Smith* with him,) for the demandant.

BARKER, J. The demandant and Stephen O. West were about to intermarry on May 15, 1884. He owned the land which she demands in her writ. Before the marriage, and in consideration of it, he executed and gave to her the deed upon which she founds her claim of title. The marriage took place, and the grantor enjoyed the use of the land until his death. The grantee now claims an estate for her life, with a right of

disposal for her comfortable support. The tenants are the heirs of the grantor, and are in possession, admitting no other title in the demandant than a dower interest unassigned. The writ alleges seisin in fee, but the demandant asks leave to amend so as to claim an estate for her life.

It is apparent that the question whether, if the demandant has an estate for life, she has also a power of disposal in fee, is one the decision of which is not necessary to the disposal of the present action, and one which may never arise as a practical question. We therefore decline to consider it in the present case.

The tenants contend that the deed is wholly inoperative for want of valid delivery. We can see no foundation for such a claim. The agreed facts state that the grantor executed and delivered it to the demandant before the marriage. It is argued that he meant to execute an instrument which should become operative upon the future event of the marriage, and that this shows that he intended to deliver it in escrow to the grantee, and that this is in law an impossible act; and, further, that the actual delivery cannot operate as an absolute one because not so intended, the lack of intention appearing on the deed itself, and so not to be disregarded; and as the delivery cannot be either in escrow or absolute, it is a nullity, and the deed inoperative. But there is nothing in the deed itself to show that the delivery was intended to be in escrow. Assuming that it was intended to create an estate *in futuro*, neither that intention nor the design to have it wholly inoperative until the consummation of the marriage tends to show that the grantor did not intend that the grantee should not have the right to retain the document itself as her own document from the moment it was given to her, whether the marriage should or should not be completed. This was in fact an absolute delivery, and, whether the deed was void or not for other reasons, it was not void for want of delivery.

It is plain that it was not intended to give the grantee any present or absolute estate. The grantor was to retain the use of the property during his life, and if he survived the grantee she took nothing; if she survived him, she was to " have the right to use and dispose of the said premises for her comfortable support." Whether or not the deed is evidence of a valid agreement made and signed by the grantor upon good consideration, and enforce-

able by the demandant in equity against his heirs, and whether or not it can be supported as a marriage contract under the statutes, upon which points we now intimate no opinion, it is clear that it can be construed as a covenant to stand seised, and supported at least so far as to give to the demandant an estate for her life, under which, the grantor being now dead, she is entitled to the possession of the premises. *Marshall* v. *Fisk*, 6 Mass. 24, 39. *Pray* v. *Pierce*, 7 Mass. 381. *Russell* v. *Coffin*, 8 Pick. 143, 151. *Chenery* v. *Stevens*, 97 Mass. 77, 86. *Trafton* v. *Hawes*, 102 Mass. 533. Whether or not she has a power of disposal we decline now to consider.

*Judgment for demandant for an estate for her life.*