JAMES A. MARTIN V. KEARNEY COUNTY AND THE CITY OF
MINDEN.

FILED SEPTEMBER 18, 1901.   No. 10,089.

1. **Waiver of Errors Not Argued in Brief.** Alleged errors not argued
in brief of counsel for plaintiff in error may be deemed to have
been waived.

2. **Refunding of Illegal Municipal Taxes Can Not Be Required.**
Cities of the second class of less than 5,000 population empow-
ered by law to levy taxes for municipal purposes can not be
required to refund money received for illegal taxes imposed by
such city, from a purchaser of real estate at a sale made thereof
by the county treasurer for delinquent taxes, in the absence

of statutory authority providing for the refunding of such taxes. Following *McCague v. City of Omaha,* 58 Nebr., 37.

3. **Purchaser Subject to Rule of Voluntary Payment.** The purchaser of real estate at delinquent tax sale is a volunteer and subject ordinarily to the rules applicable to voluntary payment of taxes.

4. **Rule of Caveat Emptor Applies to Purchaser.** The rule of *caveat emptor* applies to the purchaser of real estate at tax sales. *McCague v. City of Omaha, supra.*

5. **Purchaser Charged with Notice of Record of Levy.** A purchaser of real estate at delinquent tax sale is charged with notice of the public records showing the manner in which taxes for municipal purposes charged against the real estate purchased were levied by the city authorities empowered by law to levy such taxes.

6. **County Not Liable for Irregular Action of City Council.** Irregular action by a city council in making a levy of taxes for municipal purposes resulting in the levy being declared illegal and void is not a "mistake or wrongful act of the county treasurer or other officer," within the meaning of section 131, article 1, chapter 77, Compiled Statutes, for which the county can be held liable to refund to a purchaser at delinquent tax sale the illegal taxes so attempted to be levied.

7. **Party Must Bring Himself Within Terms of Statute.** A party, to recover, under the provisions of a statute, illegal taxes paid, must bring himself within its terms.

ERROR from the district court for Kearney county. Tried below before BEALL, J. *Affirmed.*

*J. B. Scott* and *J. L. McPheely,* for plaintiff in error.

*Hague & Anderberry* and *E. C. Dailey, contra.*

HOLCOMB, J.

The plaintiff in error, plaintiff below, became the purchaser of certain real estate situated in Minden, Kearney county, which was sold for delinquent taxes assessed against said property. After the expiration of the time for redemption from tax sale, he began proceedings in equity for the foreclosure of the lien in his favor by virtue of the tax sale certificates

and the subsequent taxes paid thereunder. Upon trial in the district court on the issues raised by the pleadings, it was determined that of the taxes for which plaintiff claimed a lien on the real estate purchased, those levied by the city of Minden for certain municipal purposes were void and of no validity as a lien on the land because of irregularities and failure to comply with the provisions of the law authorizing the levy attempted to be made by the city authorities. From the judgment rendered in the equity action to foreclose the tax lien no appeal was taken, and the adjudication thereupon became final. The plaintiff, after the rendition of the decree in the foreclosure suit wherein the city taxes mentioned were adjudged to be void, presented his duly verified claim to the board of county commissioners of Kearney county for the amount of the taxes thus declared to be void which had been paid by him at the time of the purchase of the land at delinquent tax sale, together with the interest thereon which he would have received had the tax levy been valid. The claim was rejected and an appeal taken to the district court, where issues were joined and a trial had to the court, which resulted in a finding and judgment in favor of the county, from which judgment the plaintiff prosecutes error proceeding in this court. In the district court the city of Minden was also made a party defendant, the judgment rendered being in its favor also as well as in favor of the county.

The city of Minden is a city of the second class of less than 5,000 population. The alleged irregularity avoiding the tax involved in this litigation consisted in the city council undertaking to levy a tax for certain municipal purposes by a resolution adopted by that body instead of duly enacting an ordinance providing for the levy as provided by law. It seems to have been the contention of the plaintiff that by bringing in the city as a party defendant he would be entitled, on the facts stated, to recovery of judgment for the amount of the void tax and interest either against the county or the city; that one or the other

should be adjudged liable to reimburse him for the amount of the void tax paid with interest. In the argument in the brief of plaintiff in this court no claim is made as to any right of recovery against the city, and any question as to the city's liability may, therefore, under the rule of this court, be deemed to have been waived. *Gulick v. Webb*, 41 Nebr., 706.

That the city can not be held, we think, is settled by former decisions of this court on a like question. In *Mc-Cague v. City of Omaha*, 58 Nebr., 37, it was announced as a rule of law in this state that "in absence of statutory authority a city of the metropolitan class can not be required to refund money received from a purchaser of real estate at a sale made thereof by the county treasurer for illegal special assessments or taxes imposed by the city." Following *Pennock v. Douglas County*, 39 Nebr., 293, and *Merrill v. City of Omaha*, 39 Nebr., 304. On principle, the rule applies with equal force and for the same reasons to cities of the class or grade as the defendant city in the case at bar, and a recovery against it by the plaintiff could not be had without violating and overturning the rule already announced when applied to cities of the metropolitan class. The foregoing remarks as to the possible liability of the defendant city we regard as effectually disposing of the case so far as it is concerned.

This brings us to a consideration of the case as affecting the liability of the county under the issues raised by the pleadings and as presented by the arguments of counsel in their briefs. It is contended that because the taxes levied by the city council for certain municipal purposes were found to have been irregularly levied and void for that reason, the plaintiff, having paid the taxes when he purchased the land against which levied, may recover the same back notwithstanding they were paid voluntarily, and that the rule of *caveat emptor* does not apply. Some authorities are cited which it is contended support the proposition thus advanced. While the decisions of the courts of the different states are not entirely harmonious

on the question, we regard the matter as conclusively settled in this state by the prior utterances of this court regarding the same and similar questions. That the purchaser of real estate at delinquent tax sale is a volunteer and subject ordinarily to the rules applicable to voluntary payments of taxes generally is quite obvious from the nature of the transaction into which he enters and it would seem the proposition hardly permits of discussion or argument. In the case of *Pennock v. Douglas County, supra,* where the subject of the right to recover taxes paid by a purchaser at delinquent tax sale which were illegally assessed is exhaustively discussed, it is said: "We are urged by counsel for appellant to hold the city of Omaha liable in this case upon moral grounds, but we cannot do so. The city did not ask appellant to purchase at its tax sales. He was a volunteer, with all that that term implies." Not only was the tax purchaser a volunteer, but, under the established doctrine of this jurisdiction, he purchased the property for delinquent taxes at his own risk as to the title he acquired thereby. He had no warrant or guaranty of the regularity of the proceedings or legality of the taxes paid from the taxing authorities of the county which issued to him a tax certificate as evidence of his purchase. This instrument has been construed as releasing and quitclaiming to the purchaser only the county's interest in and right to a lien on the real estate sold. The rule of *caveat emptor* is held to apply and the purchaser secures title to the property purchased at his own risk. In the case last referred to, on this subject this court has heretofore expressed itself in unmistakable terms; it is there said: "He [the purchaser] bought without warrant or covenant of any kind and bid what he considered the venture worth; and under these circumstances and in a case like the present, where there was no fraud, no misrepresentation, and no mistake of the facts, it is well settled, as between individuals, that the purchaser is without remedy in case of failure of title"; citing Rawle, Covenants for Title, sec. 321, and cases there cited. In *McCague v. City*

*of Omaha,* 58 Nebr., 37, it is held in the third paragraph of the syllabus that "the rule of *caveat emptor* applies to purchasers of real estate at tax sales." Says NORVAL, J., in writing the opinion: "He was not required to either pay the special taxes against the lots in question, nor to purchase the property at tax sale. He voluntarily purchased the lots for the amount of the illegal taxes imposed thereon, and he has no one but himself to blame for the loss. He cannot recover the amount back. (*Dixon County v. Beardshear,* 38 Neb. 389.) The rule of *caveat emptor* applies to him. (*Pennock v. Douglas County, supra; Merrill v. City of Omaha,* 39 Neb. 304; *Adams v. Osgood,* 42 Neb. 450.)"

It is argued, however, that the present case, under the facts stated, on principle falls more nearly within the rule applied in the case of *Wilson v. Butler County,* 26 Nebr., 676, and should be distinguished from the line of decisions above referred to. The decision in the *Butler County Case* had for its support the provision of section 131 of the revenue laws, ch. 77, art. 1, Compiled Statutes, 1899, wherein it is provided that "When by mistake or wrongful act of the treasurer or other officer land has been sold on which no tax was due at the time, * * * the county is to hold the purchaser harmless by paying him the amount of principal and interest and costs to which he would have been entitled had the land been rightfully sold, and the treasurer or other officer and their bondsmen will be liable to the county to the amount of their official bond." In that case it is held that "Where a county treasurer sells lands for taxes which were not liable to taxation, and upon which no taxes were due, the tax purchaser may recover from the county the amount paid by him, with interest thereon." It is also held that "A tax purchaser may presume that the property was taxable, and is not required to make a further examination of that fact as a condition of maintaining an action against the county for the purchase money, and interest." It appears from the

opinion that the land which had been taxed and sold to the purchaser for delinquent taxes was at the time government land and not taxable; that the taxing authorities had no lawful right to levy thereon any assessments whatever for revenue purposes and that by their "wrongful act" the land had been entered on the tax records as being subject to taxation and assessments levied against it in the same manner as real estate subject to taxation. The facts brought the case altogether within the provisions of the statute quoted and resulted unquestionably in establishing the liability of the county for the moneys sought to be recovered. It is the statutory authority and not the application of legal principles recognized by the common law that justified and required in the proper enforcement of the statute the judgment rendered in that case. But observes MAXWELL, J., in delivering the opinion of the court: "The case is entirely different from that of a taxpayer who voluntarily pays a questionable tax without objection. In such case there can be no recovery because the party waives the objection by deliberately paying the amount claimed. He may have an object in this. The questionable tax may be of general benefit, * * * or it may be that the tax in itself is just, although subject to attack from a legal standpoint. In either case, the taxpayer who voluntarily pays the amount charged against his property, thereby in effect admits its validity, and ordinarily cannot recover it back."

Were we to undertake to define, in the abstract, with any degree of certainty, the force, scope and extent of the statutory provision referred to with reference to the right of recovery from the county for illegal taxes paid by reason of the "mistake or wrongful act" of the treasurer or other officer, etc., we would probably find the question surrounded by many difficulties. It is, we think, the part of both wisdom and prudence to address ourselves directly to the question presented for consideration in the case at bar, and ascertain whether the statutory provisions contemplates in such a case reimbursement by the county

to the tax purchaser.   For reasons which appear to us quite satisfactory, the plaintiff can not be regarded as being entitled to invoke the aid of this statute in recovering the amount of taxes paid by him at the delinquent tax sale, which it was afterwards adjudged gave no valid lien on the real estate purchased.   The action of the city council of the city of Minden resulting in the abortive attempt to levy the taxes held to be illegal was not, in our judgment, a "mistake or wrongful act of the county treasurer or other officer" within the meaning of the statute. That is, the action taken by the city authorities in the manner performed which invalidated the levy was not a mistake or wrongful act within the meaning of the statute. The action of the city council was not a mistake or wrongful act for which they and their bondsmen are held liable to the tax purchaser.   It is to be observed, in the construction of this statute, that we are to keep in mind all its parts, and that for a mistake or wrongful act within the meaning of the statute an action may be maintained on the officer's official bond by the tax purchaser or the county to recover the illegal taxes and interest resulting from the act complained of.   This contemplates a violation of official duty such as will constitute actionable wrong doing by a public officer.   *Lonsdale v. Carroll County*, 75 N. W. Rep. [Ia.], 332; *Iowa & Dakota Land Co. v. Barnes County*, 72 N. W. Rep. [N. Dak.], 1019.

It will not, we apprehend, be seriously contended that the city council can by application of sound legal principles be held responsible on their official bond because of the illegality of the taxes levied by them under the proceedings held void for irregularity for the reasons stated. This would be  placing a responsibility on officers authorized to levy taxes that would cause but few, if any, to care to perform that duty.   The city council was acting upon a matter on which the legislature had empowered it to act.   There was an error of judgment on the part of the members of that body as to the exact steps necessary to be taken to accomplish the desired object.   They were pro-

**39**

ceeding to do that which they were authorized to do, but in
such irregular way as to have their action adjudged not in
conformity with the requirements of law and illegal. They
failed to follow the provisions of law as to the method of
procedure which they adopted in making a levy of munici-
pal taxes for the purpose stated. Their method of pro-
cedure was a matter of public record. The plaintiff was
cognizant of the proceedings taken, or at least was in as
favorable position to obtain the information as the taxing
authorities of the county. He was, under the uniform
holdings of the courts, charged with notice of the public
records evidencing the manner in which the taxes were
levied and was not warranted in relying solely on the tax
records of the treasurer's office in determining whether
the city taxes therein appearing were lawfully assessed
and validly levied. It was his duty to examine the proper
records and therefrom be advised as to the validity of the
tax he was paying, by the purchase of the real estate of-
fered for sale for delinquent taxes. Says COBB, Ch. J., in
*Merriam v. Otoe County,* 15 Nebr., 408, 413: "Parties
dealing with a county, or other municipal corporation, are
under a peculiar obligation to act with fairness and in
good faith, as such corporation can only act through its
records and other instrumentalities given it by law. Such
persons are bound to take notice of such records, not only
of what they show, but also, if such be the case, of their
failure to show, matters material to the business in hand.
It was then the duty of the plaintiff, before buying the
lands in question at private tax sale, to examine the record
and see for what taxes they were being sold. If he neg-
lected this duty, or knowingly co-operated with the county
treasurer in a sale and purchase of the land for a tax un-
authorized by law, he cannot call upon the county to save
him harmless from the effect of such imprudence"; and
further on, in relation to the same subject, it is stated:
"Unlike those which we have been considering the 'wrong-
ful act of the treasurer' in selling the land for taxes with-
out first making an effort to collect them by the seizure

and sale of personal property, as well as the existence of such personal property out of which the same could have been collected, was not matter of record, of which the purchaser was bound to take notice, or of which he could be said to be estopped to assert, by participating in the purchase and sale." In the case of *Gould v. Board of Commissioners* on rehearing, 79 N. W. Rep. [Minn.], 530, it is said by the supreme court of Minnesota: "In this case the property was subject to taxation. The illegality or irregularity complained of consisted exclusively of the action of the state board of equalization in raising the assessed value of one class of real estate in the town without making the same increase on another class. This illegality or irregularity appeared from the public records. Plaintiff had the means of discovering this, and he was just as much bound to inform himself of the fact as were the public authorities. Every man is supposed to know the law. If plaintiff was ignorant of the facts of which he now complains when he paid the tax, it was because he failed to avail himself of the means of information which were open to him."

In the present case the city authorities had no duties to perform in determining what real estate was subject to municipal taxes. This was performed by other officers and under different provision of law. It was within the power of the city council only, in the manner provided by law, to levy certain taxes for municipal purposes on all the taxable property within the corporation. They did this in such an irregular manner that the levy was declared null and void. The levy was certified to the proper county officers, and in the performance of a ministerial duty imposed on them the taxes levied were entered on the tax record against all the property lying in the corporate limits of the city making the levy. The taxes were collected and turned over to the city authorities entitled thereto. There was no mistake or wrongful act on the part of the county treasurer or other county officers. The land sold was subject to taxes. It was subject to all valid taxes legally levied against it and it can not, we think, be said that the

irregular action taken by the city council culminating in
the void levy was a mistake or wrongful act of the treas-
urer or other officer "by reason of which land has been
sold on which no tax was due at the time." The county
acted only for the purpose of collecting the levy made by
the city and turning over the funds to the municipality.
Further than this, it and its officers had no interest in the
matter and no greater responsibility should have been or
was by the legislature intended to attach to them than nec-
essary to a proper discharge of their duty incident to such
collection. The taxes held illegal were not levied by or for
the benefit of the county and we observe no sound reason
for holding the county to any further or greater responsi-
bility. On the question of the proper construction of sim-
ilar statutes see also *Lindsey v. Boone County,* 60 N. W.
Rep. [Ia.], 173; *Tyler v. Cass County,* 48 N. W. Rep. [N.
Dak.], 232. Counsel for plaintiff in error in their brief
say: "We do not contend that Kearney county would be
justified in drawing money from its county general fund
to reimburse the plaintiff in error, but we do contend that
Kearney county could have reimbursed the plaintiff in
error out of money in its hands belonging to the water and
general fund of the city of Minden." If this contention is
sound then the city of Minden is liable under the law and
may be compelled in a direct proceeding to make reim-
bursement for the illegal taxes collected by the county
treasurer and received by it. The county certainly could
not take from the city's funds the money necessary to re-
imburse the plaintiff in error except on the theory that the
city was primarily liable and legally obligated to the tax
purchaser for taxes thus paid.

But from what has been said in the first part of this
opinion, the city, without statutory authority therefor,
can not be held legally bound to refund taxes illegally
levied and voluntarily paid. It is obvious from a casual
reading of the statute which we have been considering that
the only reimbursement therein contemplated to the
county in the event it is required to pay to the tax pur-

chaser taxes resulting from the "mistake or wrongful act of the county treasurer or other officer" is by having recourse to the official bond of the officer responsible for such mistake or wrongful act. No other mode is pointed out by the statute providing for reimbursement to the county for the repayment of such taxes, and it is quite apparent that to say the city can not be held primarily for the illegal taxes it has received, and yet the county may reimburse itself out of the city funds in the possession of the county treasurer, is both inconsistent and illogical. We do not think the proposition is sound and must therefore reject it. The rule is, says Cooley on Taxation, 813, that when a party relies upon a statute for the recovery of illegal taxes paid, he must be careful to bring himself within the provisions of the statute. The plaintiff under the facts in the case at bar and the provisions quoted has not shown himself entitled to recover from the county the taxes collected for city purposes claimed to have been illegally levied, and the judgment of the district court should, therefore, be affirmed, which is accordingly done.

AFFIRMED.

SULLIVAN, J., absent, not voting.