[S. F. No. 4087. In Bank.—January 4, 1907.]

CHARLES A. WARREN, Appellant, v. CITY AND COUNTY OF SAN FRANCISCO, Respondent.

TAXATION—VOID ASSESSMENT AND SALE OF STREET.—An assessment of a portion of a public street is void, and creates no lien upon the land assessed; nor can a sale and conveyance by the tax-collector to the state for a delinquent tax thereupon transfer title to the state, nor would a grantee from the state acquire any right in the land, or by reason of such sale be authorized to close the street from use by the public.

ID.—PAYMENT BY LOT-OWNER TO PREVENT SALE—PROTEST—CODE PRO-
VISION INAPPLICABLE.—A payment by a lot-owner abutting on the
street but not on the part of the street assessed, made under pro-
test, to prevent a sale of such part of the street, is not rendered
involuntary by the protest under section 3819 of the Political
Code, which provides merely that taxes paid under an illegal assess-
ment by the owner of land under protest shall not be regarded
as voluntary, and has no application to a payment by one who is
not the owner of nor interested in the land assessed. The interest
of the lot-owner in that part of the street was no different from
that of any other proprietor whose lot bordered on any other part
of the street.

ID.—VOLUNTARY PAYMENT WITH KNOWLEDGE OF FACTS—PRESUMPTION
—ABSENCE OF COERCION—MONEY PAID NOT RECOVERABLE. — The
payment of the money by such lot-owner into the city and county
treasury under protest, to prevent such sale, made with full
knowledge of the facts and with presumed knowledge that the sale
was made without any authority and created no lien, was voluntary
and without compulsion or coercion, or any duress or threatened
exercise of power over his person or property; and the money so paid
cannot be recovered back by action against the city and county.

APPEAL from a judgment of the Superior Court of the
City and County of San Francisco. J. M. Seawell, Judge.

The facts are stated in the opinion of the court.

J. C. Bates, for Appellant.

Percy V. Long, City Attorney, William G. Burke, City At-
torney, Luther Elkins, Assistant City Attorney, and A. S.
Newburg, for Respondent.

THE COURT.—This action was brought to recover of de-
fendant money paid it in redemption of a lot from the sale
thereof to the city for delinquent taxes. The case was heard
on appeal by the district court of appeal, first appellate dis-
trict, and the judgment of the superior court affirmed. The
application to have the cause heard by this court, after judg-
ment of said district court of appeal, was pending, when a
general order of April 23, 1906, granting provisionally all
applications for rehearings, was made. Since then a reargu-
ment of the cause has been had in this court, and upon a con-
sideration of the points involved we are satisfied that the

appeal was correctly decided by said district court of appeal. The opinion of that court in disposing of said appeal is as follows:—

"The plaintiff brought this action to recover from the city and county of San Francisco the money paid by him to redeem a certain lot of land from sale made to the state of California for delinquent taxes thereon. A demurrer to the complaint was sustained, and the plaintiff has appealed from the judgment of dismissal entered thereon.

"It is alleged in the complaint that the tract of land so sold to the state, and for the redemption of which the plaintiff paid the money into the city treasury, was at the time of said sale, and had been for many years prior thereto, and is now, a portion of Caroline Street, an open public street duly dedicated to public use, and that notwithstanding it had been so opened, used, and dedicated as a public street, the city and county assessor did, in the year 1896, unlawfully and in disregard of the law in such cases, assess for state and county taxes a portion of said street one hundred feet in extent southeasterly from its terminus at the southerly line of Howard Street, as if it were private property and not a public street; that on the third day of July, 1897, said portion of said street was sold to the state of California to pay said unlawful assessment for taxes against it; that thereafter the tax-collector for San Francisco, pursuant to directions from the state controller, advertised said parcel of land for sale; that in order to prevent said sale, and while said tax-collector was threatening to sell the same, the plaintiff paid to the treasurer of said city and county the sum of $805.53 to redeem said land from the said illegal assessment, and to prevent and stop the said sale thereof; that he was compelled to pay the same to prevent said street from being closed and its use to him destroyed for two or more years, and that he paid the same under coercion and protest in writing; that the plaintiff was at the time of said payment, and had been for many years, the owner of a lot of land fronting on said Caroline Street, but not abutting on that portion thereof so assessed and sold to the state; and that his said lot would be greatly impaired in value if said portion of Caroline Street should be closed and he be thereby deprived of egress and ingress to and from his lot through the same.

"The plaintiff is not proceeding under section 3804 of the Political Code, as he did not obtain an order from the board of supervisors that the money paid by him to the treasurer be refunded. Section 3819 of the Political Code has no application. That section provides that the 'owner' of any property assessed, who may claim that the assessment is void, may pay his tax under protest, specifying the grounds of the protest; and that when so paid under protest the payment shall not be regarded as voluntary. The plaintiff herein was not the 'owner' of the land assessed nor of any land bordering or adjoining that portion of Caroline Street, and had no opportunity of egress from his lot upon that portion of the street assessed, and his interest in that portion of the street was no different from that of any other proprietor whose lot bordered upon any other portion of the street. (See *Symons v. San Francisco*, 115 Cal. 555, [42 Pac. 913, 47 Pac. 453].)

"The payment of the money by the plaintiff, with full knowledge of the facts under which it was made, was voluntary, and under well-established rules cannot be recovered. The assessment by the city and county assessor of a portion of an open public street was made, as is stated in the complaint, 'unlawfully and in disregard of the law in such cases,' and the plaintiff is presumed to have known that it was so made without any authority and created no lien upon the land so assessed. The sale and conveyance to the state for a delinquent tax upon such assessment transferred no title to the state, and the threatened sale by the tax-collector in no respect affected the rights of the public to the use of the street or to have it remain open and unobstructed. A grantee from the state under such sale by the tax-collector would acquire no right in the land, or, by reason of such sale, be authorized to close the street from use by the public. There was therefore no compulsion or coercion upon the plaintiff, or any duress or threatened exercise of power over his person or property, and his protest did not have the effect to take from the payment its voluntary character. (*Brumagim* v. *Tillinghast*, 18 Cal. 265, [79 Am. Dec. 176]; *Phelan* v. *San Francisco*, 120 Cal. 1, [52 Pac. 38].) The demurrer to the complaint was therefore properly sustained. The judgment is affirmed."

We are satisfied with the foregoing reasoning of the district court of appeal in the matter and with the conclusion reached by it.

The judgment is affirmed.