WILLIAMS *v*. MERRITT.

1. TAXATION—PAYMENT UNDER PROTEST—VOLUNTARY PAYMENT—
   RECOVERY.
   Taxes paid before the time when payment can be enforced are
   paid voluntarily, and cannot be recovered, in the absence of
   a statute authorizing payment under protest before that
   time.

2. DRAINS—TAXES—PAYMENT UNDER PROTEST.
   The general statute authorizing payment of taxes under pro-
   test does not apply to drain taxes.

3. SAME—STATUTORY PROVISIONS.
   Section 4359, 2 Comp. Laws, gives to persons assessed for drain
   taxes the same right of paying under protest as is given to
   other taxpayers by the general tax law.

4. SAME—PAYMENT UNDER PROTEST—RECOVERY—AMOUNT RECOV-
   ERABLE—ILLEGAL TAX.
   Where a drain tax paid under protest, consisted of a single
   item, in which were improperly included the expense of con-
   structing two sections of tile drain, which should have been
   let as open drain, and a large amount for tile and a bridge,
   rendering it impossible to separate the legal from the illegal
   portion of the tax, the taxpayer could not be limited in his
   recovery to the portion of the tax which was illegal, but was
   entitled to judgment for the entire tax.

5. APPEAL AND ERROR—REVIEW—QUESTION OF FACT.
   The refusal of the trial court to make certain findings of fact
   not proved by the undisputed testimony cannot be reviewed.

Error to Eaton; Smith, J. Submitted April 16, 1908.
(Docket No. 98.) Decided May 1, 1908.

Assumpsit by George Williams against Harry E. Mer-
ritt, treasurer of Benton township, and John B. Rudesill,
drain commissioner of Eaton county, for taxes paid under
protest. There was judgment for plaintiff, and defend-
ants bring error. Affirmed.

*Elmer N. Peters*, for appellants.

*Rosslyn L. Sowers*, for appellee.

CARPENTER, J.   Plaintiff brought this suit to recover certain drain taxes paid to the first-named defendant by himself and others whose claims were assigned to him. The proceedings for the laying out of the drain were conceded to be regular.   The drain was, however, to be an open drain.   Contracts covering two sections of the drain were illegally and improperly made for tile drains instead ·of an open drain.   Improperly included in the amount for which the assessment was levied was a large amount for tile and for a bridge.   It is conceded these items were illegal.   The taxes in question were paid under protest. They were paid at various times between December 29, 1906, and January 8, 1907.   They were payable at this time with one per cent. cost of collection.   Their payment could not be enforced until January 10, 1907, at which time there would have been an additional cost of four per cent.

The case was tried before the circuit judge without a jury and judgment entered in the plaintiff's favor for the full amount of the tax paid, without interest.   Defendants ask a reversal upon several grounds.

*First*.   They contend that payment under protest could not be made until January 10, 1907, and that as the payment in question was made before that time, it is a voluntary payment and cannot be recovered.   It is settled by our decisions ( see *Peninsular Iron Co.* v. *Township of Crystal Falls*, 60 Mich. 79; *Louden* v. *City of East Saginaw*, 41 Mich. 18) that this contention must prevail unless the payment in question was authorized by a statute.   It is also settled that our general statute authorizing payment of tax under protest does not apply to drain taxes.   *Thompson* v. *City of Detroit*, 114 Mich. 502.

Section 4359, 2 Comp. Laws, contains the following provision:

"No suit shall be instituted to recover any drain tax or money paid or property sold therefor, or for damages on account thereof, unless brought within thirty days from the time of payment of such money to, or sale of such property by, the collecting officer; and if such tax shall be paid under protest the reasons therefor shall be specified, and the same procedure observed as is or may be required by the general tax law."

Does this language authorize payment to be made under protest before a levy or seizure of the taxpayers' property by the tax collector? Did it authorize payment to be made under protest at any time that the taxpayer had a right to pay his taxes? The answer to this question determines the proposition under discussion. While the proper construction of this language is not free from doubt, we are of the opinion that the legislature by its enactment intended to give to persons assessed for drain taxes the same right of paying under protest as is given to taxpayers by the general tax law. As the latter taxpayers have by that general law the right asserted in this case to pay under protest (see *Mills* v. *Township of Richland*, 72 Mich. 100) so persons assessed for drain tax have the same right. We therefore overrule the contention of defendants under consideration.

*Second.* It is insisted that plaintiff should have been limited in his recovery to the portion of the tax which was illegal, and that therefore the court erred in giving judgment for the entire amount paid. This is not a case where the tax complained of consists of several items, some of which are legal and some illegal. Nor is it a case where the illegal part of the tax—which consists of a single item—can be definitely pointed out by the testimony in the record or by any testimony which might have been produced. The contracts covering two sections of the drain requiring the use of tile were illegal. Only a small portion of those contracts have been performed. Those contracts should have been for the construction of an open drain and they should have been so let at public auction. Under these circumstances it may be said in

this case, as the court said in *Solomon* v. *Township of Oscoda*, 77 Mich. 365: "That it is impossible to ferret out the legal from the illegal taxes," and therefore the rule invoked by the defendants has no application. See, also, *Auditor General* v. *Pioneer Iron Co.*, 123 Mich. 531; *Auditor General* v. *Hughitt*, 132 Mich. 311.

*Third.* Complaint is made because the circuit judge did not make certain findings of fact insisted upon by defendant. We deem it sufficient to say that those findings were not proved by the undisputed testimony, and we cannot therefore review the action of the circuit judge. No other complaint demands consideration.

The judgment is affirmed.

GRANT, C. J., and BLAIR, MONTGOMERY, and McALVAY, JJ., concurred.