## PROCTER & GAMBLE CO. v. UNITED STATES.

### BUCKEYE COTTON OIL CO. v. SAME.

(District Court, S. D. Ohio, W. D. July 6, 1922.)

Nos. 2982–2984, 2999.

1. **Internal revenue ⬤⟿11—"Demurrage" held taxable as a part of the charge for transportation.**

Demurrage charges for failure to load and unload cars within "free time" permitted by the rules of railroad companies *held* taxable as a part of the charge for transportation, under Revenue Act 1917, §§ 500–503, and Revenue Act 1918, §§ 500–502 (Comp. St. Ann. Supp. 1919, §§ 6309½a–6309½c), imposing a tax on the amount paid for transportation, since "demurrage" is a terminal charge, a part of the charge for transportation, even if the purpose of demurrage is primarily to prevent the detention of cars.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Demurrage.]

2. **Internal revenue ⬤⟿38—Taxes paid voluntarily not recoverable.**

Taxes paid under Revenue Act 1917, §§ 500–503, and Revenue Act 1918, §§ 500–502 (Comp. St. Ann. Supp. 1919, §§ 6309½a–6309½c), voluntarily, and not under protest or duress, cannot be recovered.

At Law. Actions by the Procter & Gamble Company and by the Buckeye Cotton Oil Company against the United States. On demurrers to petitions. Demurrers sustained.

The above cases arose under title 5, §§ 500–503, of the Revenue Act of 1917 (40 Stat. 315), and title 5, §§ 500–502, of the Revenue Act of 1918 (Comp. St. Ann. Supp. 1919, §§ 6309½a–6309½c), imposing a tax on the amount paid for transportation, and involved the question of whether demurrage charges for failure to load and unload cars within the "free time" permitted by the rules of railroad companies should be included as part of the cost of transportation, and thereby subject to tax. Article 2 of Regulation No. 49 provided that the word "transportation," as used in title 5 of the revenue acts mentioned, included "receipt, delivery, elevation, transfer in transit, ventilation, refrigeration, icing, storage, demurrage, towing, lighterage, trimming of cargo in vessels, wharfage, handling of property transported, feeding and watering live stock, and other incidental services and facilities." Plaintiffs contended that a charge for demurrage was not taxable as a part of the charge for transportation.

Dinsmore, Shohl & Sawyer, of Cincinnati, Ohio, for plaintiffs.

James R. Clark, U. S. Atty., and R. T. Dickerson, Asst. U. S. Atty., both of Cincinnati, Ohio.

---

⬤⟿For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

SATER, District Judge. In each case a demurrer has been filed to the petition, and should, in my judgment, be sustained for the following reasons:

[1] 1. Demurrage is a terminal charge—a part of the charge for transportation. Lehigh Valley R. R. Co. v. U. S., 188 Fed. 879, 884–886, 110 C. C. A. 513; Wilson Produce Co. v. Penna. R. R. Co., 14 Interst. Com. Com'n R., 170, 174; Michie v. N. Y., N. H. & H. R. R. Co. (C. C.) 151 Fed. 694. If it be conceded that the purpose of demurrage is primarily to prevent the detention of cars, the enforcement of its payment is also to be regarded as a part of the charge of transportation. In re Investigation and Suspension of Advances and Demurrage Charges, etc., 25 Interst. Com. Com'n R., 314, 315; Industrial Railways Cases, 29 Interst. Com. Com'n R., 212, 237. The demurrage charge is a proper one, whether it is regarded as or as relating to facilities of shipment, services in connection with the delivery of goods, or the storage or handling of the same. Chicago, R. I. & Pac. Ry. Co. v. Hardwick Elevator Co., 226 U. S. 426, 33 Sup. Ct. 174, 57 L. Ed. 284, 46 L. R. A. (N. S.) 203.

[2] 2. On the averments made in their respective petitions, payments were not made under protest or duress, but voluntarily. Recovery, therefore, cannot be had. See Chesebrough v. United States, 192 U. S. 253, 24 Sup. Ct. 262, 48 L. Ed. 432, in which section 3220, Revised Statutes of the United States (now section 1316a, 40 Stat. 1145 [Comp. St. Ann. Supp. 1919, § 5944]), was considered. None of the pleadings make a case coming within any exception mentioned in United States v. N. Y. & Cuba Mail Steamship Co., 200 U. S. 488, 26 Sup. Ct. 327, 50 L. Ed. 569.

The demurrer in each of the above-entitled cases is sustained.