## FOX v. EDWARDS.

(Circuit Court of Appeals, Second Circuit. January 30, 1923.)

### No. 142.

Internal revenue ⬦⬦38—Action cannot be maintained against collector for over-
payment of income taxes by mistake.

A voluntary overpayment of income taxes by reason of mistake or error
in computing income cannot be recovered in an action against the col-
lector of internal revenue, under Revenue Act 1918, § 252, authorizing the
Commissioner of Internal Revenue to credit or refund overpayments,
since, though the right to such refund is not dependent on payment under
protest, the taxpayers' remedy is an appeal under Rev. St. § 3220, to the
Commissioner, or an action at law against the United States, under Judi-
cial Code, § 24, par. 20 (24 Stat. 505, c. 359).

In Error to the District Court of the United States for the South-
ern District of New York.

Action at law by Benjamin Fox against William H. Edwards, Col-
lector of Internal Revenue, for the recovery of income taxes paid by
mistake. From a judgment for the defendant (280 Fed. 413), plain-
tiff brings error. Affirmed.

Alexander Slater, of New York City (John T. Quinlan, of New
York City, of counsel), for plaintiff in error.

William Hayward, U. S. Atty., and Richard S. Holmes, Sp. Asst.
U. S. Atty., both of New York City (T. Ellis Allison, Sp. Atty. Bureau
of Internal Revenue, of Washington, D. C., of counsel), for defendant
in error.

Before ROGERS, HOUGH, and MANTON, Circuit Judges.

ROGERS, Circuit Judge. The plaintiff commenced this action
against the defendant, at the time involved collector of internal revenue
for the Second district of New York, to recover the sum of $1,279.79.
The complaint alleges that on March 15, 1919, plaintiff filed with de-
fendant, who was then collector of internal revenue, a return of his net
income for the calendar year 1918, showing a net income of $25,919.35,
and on the 15th days of the months of March, June, September, and
December of the year 1919, paid to defendant in quarterly installments
the sum of $3,910.08 as and for a tax upon his net income for the
year 1918, which tax had been computed by plaintiff and appeared by
the return to be due. In computing his net income for 1918 plain-
tiff alleges that he failed to deduct an alleged loss of $15,283.33 sus-
tained in that year. Consequently, on March 15, 1921, two years after
the filing of the original return, plaintiff filed with defendant an
amended return for the year 1918, showing a net income of $10,636.-
02 and a total tax liability of only $907.76. Demand was then made
upon defendant for the sum of $3,002.32 and a claim for refund of
the same filed with the Commissioner of Internal Revenue.

The plaintiff, apparently without waiting for action by the Com-
missioner, applied the sum of $1,722.53 by claim of credit against his

income tax for the year 1920, and, no action having been taken by the Commissioner of Internal Revenue within six months on the claim for refund, brought suit against defendant in error to recover the balance. To the complaint setting forth these facts defendant demurred upon the ground that it did not state facts sufficient to constitute a cause of action. The ground of the demurrer was that plaintiff, having paid his tax voluntarily and without protest, showed no right to recover the same in a suit against defendant personally. The court below sustained the demurrer and dismissed the complaint upon the merits.

The only question presented is: May a taxpayer who pays his tax voluntarily and without protest, based upon figures for which he alone is responsible, but who subsequently discovers that he has made a mistake, bring an action against the collector, who received his voluntary payment, to recover the amount of the alleged overpayment, where such overpayment was due not to any action on the part of the collector or of any other taxing official, but solely to the taxpayer's own error. The plaintiff relies on section 252 of the Revenue Act of 1918 (Comp. St. Ann. Supp. 1919, § 6336⅛uu), which reads as follows:

"Sec. 252. That if, upon examination of any return of income made pursuant to this act, the Act of August 5, 1909, entitled 'An act to provide revenue, equalize duties, and encourage the industries of the United States, and for other purposes,' the Act of October 3, 1913, entitled 'An act to reduce tariff duties and to provide revenue for the government, and for other purposes,' the Revenue Act of 1916, as amended, or the Revenue Act of 1917, it appears that an amount of income, war-profits or excess-profits tax has been paid in excess of that properly due, then, notwithstanding the provisions of section 3228 of the Revised Statutes, the amount of the excess shall be credited against any income, war-profits or excess-profits taxes, or installment thereof, then due from the taxpayer under any other return, and any balance of such excess shall be immediately refunded to the taxpayer; Provided, that no such credit or refund shall be allowed or made after five years from the date when the return was due, unless before the expiration of such five years a claim therefor is filed by the taxpayer."

The Supreme Court, in City of Philadelphia v. The Collector, 5 Wall. 720, 18 L. Ed. 614, had under consideration the right to recover back money paid for taxes. The plaintiffs had sued to recover the sum of $26,875.57, which they had paid under protest, and which the collector had demanded of them as for internal revenue duties. The court, while it recognized the right to recover in an action at law, in a proper case, money illegally exacted for taxes, said:

"Appropriate remedy to recover back money paid under protest on account of duties or taxes erroneously or illegally assessed, is an action of assumpsit for money had and received. Where the party voluntarily pays the money, he is without remedy; but if he pays it by compulsion of law, or under protest, or with notice that he intends to bring suit to test the validity of the claim, he may recover it back, if the assessment was erroneous or illegal, in an action of assumpsit for money had and received. When a party, knowing his rights, voluntarily pays duties or taxes illegally or erroneously assessed, the law will not afford him redress for the injury; but when the duties or taxes are illegally demanded, and he pays the same under protest, or gives notice to the collector that he intends to bring a suit against him to test the validity of the claim, the collector may be compelled to refund the amount illegally exacted."

The principle that taxes voluntarily paid cannot be recovered back is thoroughly established. It has been so declared in the following cases in the Supreme Court: United States v. New York & Cuba Mail Steamship Co., 200 U. S. 488, 493, 494, 26 Sup. Ct. 327, 50 L. Ed. 569; Chesebrough v. United States, 192 U. S. 253, 24 Sup. Ct. 262, 48 L. Ed. 432; Little v. Bowers, 134 U. S. 547, 554, 10 Sup. Ct. 620, 33 L. Ed. 1016; Wright v. Blakeslee, 101 U. S. 174, 178, 25 L. Ed. 1048; Railroad Co. v. Commissioners, 98 U. S. 541, 543, 25 L. Ed. 196; Lamborn v. County Commissioners, 97 U. S. 181, 24 L. Ed. 926; Elliott v. Swartwout, 10 Pet. 137, 9 L. Ed. 373. And there are numerous like cases in other federal courts. Procter & Gamble Co. v. United States (D. C.) 281 Fed. 1014; Vaughan v. Riordan (D. C.) 280 Fed. 742, 745; Beer v. Moffat (D. C.) 192 Fed. 984, aff'd 209 Fed. 779, 126 C. C. A. 503; Newhall v. Jordan, 160 Fed. 661, 87 C. C. A. 549; Christie Street Commission Co. v. United States (C. C.) 126 Fed. 991; Bank of Kentucky v. Stone (C. C.) 88 Fed. 383; Corkle v. Maxwell, 7 Fed. Cas. 555, No. 3,231.

' And the rule of the federal courts is not at all peculiar to them. ' It is the settled general rule of the state courts as well that, no matter what may be the ground of the objection to the tax or assessment, if it has been paid voluntarily and without compulsion, it cannot be recovered back in an action at law, unless there is some constitutional or statutory provision which gives to one so paying such a right, notwithstanding the payment was made without compulsion. Adams v. New Bedford, 155 Mass. 317, 29 N. E. 532; McCue v. Monroe County, 162 N. Y. 235, 56 N. E. 627; Taylor v. Philadelphia Bd. of Health, 31 Pa. 73, 72 Am. Dec. 724; Williams v. Merritt, 152 Mich. 621, 116 N. W. 386; Gould v. Hennepin County, 76 Minn. 379, 79 N. W. 303, 530; Martin v. Kearney County, 62 Neb. 538, 87 N. W. 351; Gaar v. Hurd, 92 Ill. 315; Slimmer v. Chickasaw County, 140 Iowa, 448, 118 N. W. 779, 17 Ann. Cas. 1028; Warren v. San Francisco, 150 Cal. 167, 88 Pac. 712; State v. Chicago & C. R. Co., 165 Mo. 597, 65 S. W. 989.

And it has been many times held, in the absence of a statute on the subject, that mere payment under protest does not save a payment from being voluntary, in the sense which forbids a recovery back of the tax paid, if it was not made under any duress, compulsion, or threats, or under the pressure of process immediately available for the forcible collection of the tax. Dexter v. Boston, 176 Mass. 247, 57 N. E. 379, 79 Am. St. Rep. 306; Flower v. Lance, 59 N. Y. 603; Williams v. Merritt, 152 Mich. 621, 116 N. W. 386; Oakland Cemetery Association v. Ramsey County, 98 Minn. 404, 108 N. W. 857, 109 N. W. 237, 116 Am. St. Rep. 377; Robins v. Latham, 134 Mo. 466, 36 S. W. 33; Whitbeck v. Minch, 48 Ohio St. 210, 31 N. E. 743; Peebles v. Pittsburgh, 101 Pa. 304, 47 Am. Rep. 714; Montgomery v. Cowlitz County, 14 Wash. 230, 44 Pac. 259; Cincinnati, etc., R. Co. v. Hamilton County, 120 Tenn. 1, 113 S. W. 361.

The principle that a tax or an assessment voluntarily paid cannot be recovered back is an ancient one in the common law and is of general application. See Cooley on Taxation, vol. 2 (3d Ed.) p. 1495.

That eminent authority also points out that every man is supposed to know the law, and if he voluntarily makes a payment, which the law would not compel him to make, he cannot afterwards assign his ignorance of the law as a reason why the state should furnish him with legal remedies to recover it back. And he adds:

"Especially is this the case when the officer receiving the money, who is chargeable with no more knowledge of the law than the party making payment, is not put on his guard by any warning or protest, and the money is paid over to the use of the public in apparent acquiescence in the justice of the exaction. Mistake of fact can scarcely exist in such a case except in connection with negligence; as the illegalities which render such a demand a nullity must appear from the records, and the taxpayer is just as much bound to inform himself what the records show, or do not show, as are the public authorities. The rule of law is a rule of sound public policy also; it is a rule of quiet as well as of good faith, and precludes the courts being occupied in undoing the arrangements of parties which they have voluntarily made, and into which they have not been drawn by fraud or accident, or by any excusable ignorance of their legal rights and liabilities."

But the question presented must be decided upon the language of section 252, hereinbefore set forth in this opinion. In the cases within the purview of the section, the right of the taxpayer to so much of the tax as he has paid in excess of that properly due is not made to depend upon whether it was paid under protest. The nature of the section must be regarded, as in the case of the statute before the court in United States v. Hvoslef, 237 U. S. 1, 12, 35 Sup. Ct. 459, 59 L. Ed. 813, Ann. Cas. 1916A, 286, and, so regarded, it negatives any intent that a protest should be necessary. In this case, as in that, the right of repayment is established by the express terms of the statute itself.

The section is intended to give the Commissioner of Internal Revenue power to credit or refund overpayments when no claim for a refund is filed by the taxpayer. Prior to that enactment the Commissioner had no authority to credit or refund overpayments of taxes, unless appeal was duly made to him in the manner prescribed by section 3220 of the Revised Statutes. That section and section 3228 (Comp. St. § 5951) may be found in the margin.[1]

[1] Revised Statutes, § 3220, as amended by section 1316 (a) of the Revenue Act of 1918 (Act Feb. 24, 1919, 40 Stat. 1057 [Comp. St. Ann. Supp. 1919, § 5944]), provides as follows: "The Commissioner of Internal Revenue, subject to regulations prescribed by the Secretary of the Treasury, is authorized to remit, refund, and pay back all taxes erroneously or illegally assessed or collected, all penalties collected without authority, and all taxes that appear to be unjustly assessed or excessive in amount, or in any manner wrongfully collected; also to repay to any collector or deputy collector the full amount of such sums of money as may be recovered against him in any court, for any internal revenue taxes collected by him, with the cost and expenses of suit; also all damages and costs recovered against any assessor, assistant assessor, collector, deputy collector, agent, or inspector, in any suit brought against him by reason of anything done in the due performance of his official duty, and shall make report to Congress at the beginning of each regular session of Congress of all transactions under this section."

"Sec. 3228. All claims for the refunding of any internal tax alleged to have been erroneously or illegally assessed or collected, or of any penalty alleged to have been collected without authority, or of any sum alleged to have been

Section 252 of the act of 1918 has nothing whatever to do with the collector of internal revenue, or with an action against him. The power or duty to make refunds under the section is vested, not in the collector, but in the Commissioner of Internal Revenue. That Commissioner, prior to the enactment of section 252, had no authority to credit or refund .overpayments of taxes unless appeal was duly made to him in the manner prescribed by section 3220 of the Revised Statutes which read:

"The Commissioner of Internal Revenue * * * is authorized, on appeal to him made, to remit, refund, and pay back all taxes erroneously or illegally assessed or collected. * * *"

And the appeal had to be made within two years after the cause of action accrued, as required by section 3228. That being the condition of the law, Congress enacted section 252 of the act of 1918. The primary purpose of that enactment was to permit the Commissioner of his own volition, upon discovery of any overpayment, to credit or refund the same, notwithstanding the provisions of section 3228 of the Revised Statutes, and to limit the time within which he could make such credit or refund to "five years from the date the return was made." The section does not in express terms purport to give the taxpayer a right to sue for the recovery of the excess in the tax paid. It simply defines the powers and duties of the Commissioner in correcting overpayments which he finds have been made. It was intended to protect the Commissioner in making refunds which ought to be made, even though no claim for refund was filed, or though the two-year period for filing claims prescribed by section 3228 had expired.

Taxes erroneously paid or illegally exacted may be recovered:

(1) From the Commissioner of Internal Revenue under section 3220 of the Revised Statutes heretofore referred to.

(2) Through an action at law brought against the United States. This is by virtue of the so-called Tucker Act (Judicial Code, § 24, par. 20, 24 Stat. 505, c. 359); it being held that a suit may be maintained directly against the United States for the recovery of taxes wrongfully assessed and collected. Emery-Bird-Thayer Realty Co. v. United States (D. C.) 198 Fed. 242, 249; Christie Street Commission Co. v. United States, 136 Fed. 326, 69 C. C. A. 464.

(3) Through an action against a collector who wrongfully exacted the tax, and who may be sued for such money as he is not entitled to retain. Smietanka v. Indiana Steel Co., 257 U. S. 1, 42 Sup. Ct. 1, 66 L. Ed. 99; Sage v. United States, 250 U. S. 33, 39 Sup. Ct. 415, 63 L. Ed. 828.

In Elliott v. Swartwout, 10 Pet. 137, 9 L. Ed. 373, the court held that the collector was not liable in an action to recover the excess du-

excessive or in any manner wrongfully collected, must be presented to the Commissioner of Internal Revenue within two years next after the cause of action accrued: Provided, that claims which accrued prior to June six, eighteen hundred and seventy-two, may be presented to the Commissioner at any time within one year from said date. But nothing in this section shall be construed to revive any right of action which was already barred by any statute on that date."

287 F.—43

ties mistakenly collected unless protest was made at the time of payment or notice was given to him not to pay the money over to the Treasury. The principle applied was the one applied to agents in private transactions—that a voluntary payment to an agent without notice of objection would not subject the agent to liability he having paid it over to his principal, but that payment with notice or with a protest might make the agent liable if, notwithstanding the notice or protest, he paid the money over to his principal. But after an act of Congress required collectors to pay over such moneys it was held that the personal liability was gone. Cary v. Curtis, 3 How. 236, 11 L. Ed. 576. And later statutes, as pointed out in Smietanka v. Indiana Steel Co., supra, recognize suits against collectors in such cases.

In our opinion, section 252 of the act of 1918 was apparently designed to counteract the effect of section 3228 of the Revised Statutes, which limited refunds to a period of two years after the tax had been paid, and it relates to the matter of obtaining a credit or a refund from the Commissioner. If it impliedly gives a cause of action, about which we are not now called upon to express an opinion, it is a cause of action against the United States. It does not confer a right to bring an action against the collector in cases in which no liability otherwise existed.

Judgment affirmed.