COFFEY, Internal Revenue Collector, etc., et al., v. EXCHANGE BANK OF LENNOX.

(Circuit Court of Appeals, Eighth Circuit. February 26, 1924.)

No. 6342.

1. **Internal revenue ⟨⟩38—Tax recoverable only from collector to whom paid.**

An internal revenue collector and his successor act separately in collecting revenue, and one paying a tax, if entitled to recover it, must recover it only from the collector to whom it was paid, the action being personal against the collector.

2. **Internal revenue ⟨⟩38—Tax not recoverable if paid voluntarily.**

In the absence of law so providing, tax paid to collector of internal revenue cannot be recovered if paid voluntarily and without coercion and without protest.

3. **Internal revenue ⟨⟩38—No recovery of voluntary overpayments of taxes from collector.**

An action against a collector of internal revenue to recover excessive taxes paid voluntarily under no duress and without protest cannot be maintained under Revenue Act Feb. 24, 1919, §§ 252, 1316, as amended by Act Nov. 23, 1921 (Comp. St. Ann. Supp. 1923, §§ 6336⅛uu, 5944), although such an action may be maintained against the United States under the Tucker Act (Judicial Code, § 24 (20); Comp. St. § 991) and Judicial Code, § 145 (Comp. St. § 1136).

In Error to the District Court of the United States for the District of South Dakota; James D. Elliott, Judge.

Action by the Exchange Bank of Lennox against James Coffey, as Internal Revenue Collector, etc., and another. Judgment for plaintiff, and defendants bring error. Reversed.

P. J. Tscharner, Asst. U. S. Atty., of Rapid City, S. D. (Nelson T. Harston, Solicitor of Internal Revenue, and T. Ellis Allison, Special Atty., Bureau of Internal Revenue, both of Washington, D. C., S. Wesley Clark, U. S. Atty., of Redfield, S. D., and E. D. Barron, Asst. U. S. Atty., of Sioux Falls, S. D., on the brief), for plaintiffs in error.

E. W. Fiske, of Sioux Falls, S. D., for defendant in error.

⟨⟩For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Before SANBORN, Circuit Judge, and TRIEBER and MUNGER, District Judges.

TRIEBER, District Judge. The defendant in error, hereafter referred to as the plaintiff, instituted this action against the plaintiffs in error to recover alleged excess payments of income and profit taxes. There are three counts in the complaint, to recover for alleged excessive payments in three years. In each count it is alleged that during the years 1916, 1917, 1918, 1919, and until January 26, 1920, the defendant Coffey was collector of internal revenue for the district of North and South Dakota; that the alleged excess taxes paid, which it is sought to recover in the first and second counts, were paid to him while such collector; that from January 26, 1920, to May 15, 1920, the defendant Mee was such collector, and thereafter he was collector of internal revenue for the district of South Dakota only, the states of North and South Dakota having been made each a separate district. The alleged excessive income tax set out in the third count of the complaint, it is alleged, was paid to the defendant Mee as internal revenue collector for the district of South Dakota. Judgment was asked and was rendered against both defendants for the full amounts claimed in all three counts, with interest and costs. The complaint states fully the reasons plaintiff claims to be entitled to recover judgment, but does not allege that any of the payments were made involuntarily under duress, or under protest; but it is alleged that on November 16, 1921, it filed an amended return for each of the three years, claiming that it had erroneously failed to claim a deduction of certain payments made by it as state and county taxes, and asked for refunds of these amounts, amounting to $341.67.

On April 1, 1922, the commissioner of internal revenue informed the plaintiff how the computations of its returns were made, and unless an appeal is filed within 30 days from receipt of this letter the assessments would stand. The appeal was promptly made, and on July 19, 1922, it was rejected by the commissioner, whereupon this action was instituted on February 16, 1923.

Each of the defendants filed a separate demurrer to the complaint, relying on two grounds.

The first ground in each of the demurrers is that it appears from the complaint that the taxes were paid voluntarily and without compulsion or duress, and without protest on the part of the plaintiff.

The second ground of the demurrer of the defendant Mee is that the taxes sought to be recovered in the first and second counts of the complaint were not paid to nor received by him, either in his official or individual capacity, but as shown in these counts they were paid to and received by his codefendant Coffey, then the collector of internal revenue for that district.

The second cause of demurrer of the defendant Coffey is upon the same ground as that of the defendant Mee, except that it applies only to the third count, which alleges that the tax was paid to and received by his codefendant Mee, who was then the collector of internal revenue for that district. The demurrers were by the court overruled, and, the defendants declining to plead further, judgment was entered

against both defendants for the entire amounts claimed in all three counts, with interest at 7 per cent. per annum and the costs of the suit.

[1] As to the second grounds of demurrer, the court was clearly in error. Each defendant acted separately, and if plaintiff is entitled to judgment it can only recover from the collector to whom it made the payments. Sage v. United States, 250 U. S. 33, 39 Sup. Ct. 415, 63 L. Ed. 828; Smietanka, Collector, v. Indiana Steel Co., 257 U. S. 1, 42 Sup. Ct. 1, 66 L. Ed. 99; Union Trust Co. v. Wardell, 258 U. S. 537, 42 Sup. Ct. 393, 66 L. Ed. 753. In Patton v. Brady, Executrix, 184 U. S. 608, 22 Sup. Ct. 493, 46 L. Ed. 713, it was held that such an action against the collector survives his death, and his executor is the proper and only party to be substituted as the defendant, as the action is personal against the collector who received the tax. This is reaffirmed and the reasons therefor are fully set out in Smietanka v. Indiana Steel Co., supra, pp. 4 and 5 (42 Sup. Ct. 1).

[2] As to the first grounds of the demurrers, the law, unless changed by the acts of Congress relied on by counsel for plaintiff, hereafter referred to, prevents a recovery in such an action, if the tax was paid voluntarily, without coercion and without protest. A leading authority on that point is Philadelphia v. Collector, 72 U. S. (5 Wall.) 720, 731, 732 (18 L. Ed. 614). It was there held:

"Appropriate remedy to recover back money paid under protest on account of duties or taxes erroneously or illegally assessed, is an action of assumpsit for money had and received. Where the party voluntarily pays the money, he is without remedy; but if he pays it by compulsion of law, or, under protest, or with notice that he intends to bring suit to test the validity of the claim, he may recover it back, if the assessment was erroneous or illegal, in an action of assumpsit for money had and received."

"When a party, knowing his rights, voluntarily pays duties or taxes illegally or erroneously assessed, the law will not afford him redress for the injury; but when the duties or taxes are illegally demanded, and he pays the same under protest, or gives notice to the collector that he intends to bring a suit against him to test the validity of the claim, the collector may be compelled to refund the amount illegally exacted."

—and followed ever since. Chesebrough v. United States, 192 U. S. 253, 24 Sup. Ct. 262, 48 L. Ed. 432; United States v. New York & C. Mail S. S. Co., 200 U. S. 488, 26 Sup. Ct. 327, 50 L. Ed. 569.

[3] But it is contended on behalf of the plaintiff that sections 252 and 1316 of the Revenue Act of February 24, 1919, 40 Stat. 1085 and 1145, and amendments by the Act of November 23, 1921, 42 Stat. 227, amending section 252 on page 268 and section 1315 on page 314, amending section 1316 of the Act of 1919, both acts amending section 3220, Revised Statutes (Comp. St. Ann. Supp. 1923, §§ 6336⅛uu, 5944), permit a recovery in an action against the collector, although the tax sought to be recovered was paid voluntarily and without protest.

Without quoting these sections in full, it will be found upon examination that section 252 of the Act of 1921 only provides that if any "tax has been paid in excess of that properly due, then, notwithstanding the provisions of section 3228 of the Revised Statutes, the amount of the excess shall be credited against any * * * taxes, or installment thereof, then due from the taxpayer under any other

return, and any balance of such excess shall be immediately refunded to the taxpayer." That section makes no provision authorizing suits against collectors. Section 1315 of the act of 1921, again amending section 3220, Rev. St., authorizes "the commissioner of internal revenue * * * to remit, refund, and pay back all taxes erroneously or illegally assessed or collected, * * * also to repay to any collector or deputy collector the full amount of such sums of money as may be recovered against him in any court," etc. Nowhere does it appear in that section or any act of Congress that an action to recover such excess taxes may be maintained against the collector. No doubt Congress did not deem it desirable to include actions against collectors. In actions against collectors the successful plaintiff is entitled to interest and costs of suit, while no interest or costs can be allowed by the commissioner of internal revenue, or by a court in an action against the United States under these provisions of the acts.

Had plaintiff instituted this action against the United States, whether under the Tucker Act or in the Court of Claims, and obtained a judgment, it could not have recovered interest or costs, while in the case at bar the judgment included both, as is permissible in actions against collectors.

As held by the United States Circuit Court of Appeals for the Second Circuit in Fox v. Edwards, 287 Fed. 669, 672, 673, prior to that enactment (referring to the Act of 1919) the commissioner of internal revenue had no authority to credit or refund overpayments of taxes, unless appeal was duly made to him in the manner prescribed by section 3220, Rev. St. Section 252 makes no reference to the collectors of internal revenue or actions against them. Nor does section 1316 of the Act of 1919 or section 1315 of the Act of 1921, apply to collectors. From what was there decided it follows that an action against a collector of internal revenue to recover excessive taxes, paid voluntarily, under no duress, and without protest, cannot be maintained, although such an action may be maintained against the United States, either under the Tucker Act (subpar. 20 of section 24, Judicial Code [Comp. St. § 991]) if the amount involved does not exceed $10,-000, and in the Court of Claims regardless of the amount involved (section 145, Judicial Code [Comp. St. § 1136]). The same conclusion was reached by Judge Morton of the District Court for the District of Massachusetts in Hunnewell v. Gill (D. C.) 257 Fed. 857. The authorities, which, it is claimed, sustain plaintiff's contentions, are not in point, as appears from an examination of them. They were actions against the United States, and not collectors of internal revenue.

United States v. Hvoslef, 237 U. S. 1, 35 Sup. Ct. 459, 59 L. Ed. 813, Ann. Cas. 1916A, 286, was an action against the United States under the Tucker Act, and was based on the act of July 27, 1912, 37 St. 240. That act in express terms authorized the Secretary of the Treasury to pay claimants who had presented their claims to the commissioner of internal revenue and established them, regardless of whether the taxes were paid voluntarily or under duress and protest, and the court so held.

Rand v. United States, 249 U. S. 503, 39 Sup. Ct. 359, 63 L. Ed. 731, was instituted in the Court of Claims against the United States to recover illegal payments under the act of 1912, and not against the collector, and the court followed the Hvoslef Case.

Counsel has failed to call our attention to a single authority, nor have we been able to find one, holding that the sections of the act of 1919 or of the act of 1921, relied on and hereinbefore referred to, authorize an action against a collector to recover excess or illegal taxes paid voluntarily and without duress or protest.

The court erred in overruling the demurrers and should have sustained them on both grounds.

It follows that the judgment must be, and is, reversed.