**WARNER v. WALSH, Collector of Internal Revenue.**

District Court, D. Connecticut. September 23, 1927.

No. 2849.

1. **Internal revenue** ⬅38(1)—**Action to recover taxes illegally collected may be on other grounds than specified in refund claim.**

Action to recover taxes illegally collected may be based on grounds not specified in claim for refund.

2. **Internal revenue** ⬅38(6)—**Action to recover taxes illegally collected may be brought against collector to whom paid, if living, though out of office (Jud. Code, § 24, par. 20, as amended by Revenue Act 1921, § 1310 [c]; 28 USCA § 41[20]).**

Judicial Code, § 24, par. 20, as amended by Revenue Act 1921, § 1310 [c], being 28 USCA § 41 (20), does not require an action to recover taxes illegally collected to be brought against the United States, unless the collector by whom they were collected is dead.

3. **Internal revenue** ⬅38(7)—**Payment under protest is not condition precedent to action for recovery of tax illegally collected (26 USCA § 156).**

Under Rev. St. § 3226, as amended by Revenue Act 1924, § 1014 (a), being 26 USCA § 156 (Comp. St. § 5949), payment under protest is not condition precedent to maintenance of action for recovery of tax illegally collected.

At Law. Action by Eva F. Warner against James J. Walsh, Collector of Internal Revenue. Judgment for plaintiff.

Paul Armitage and Edward Holloway, both of New York City, and Arthur M. Marsh, of Bridgeport, Conn., for plaintiff.

John Buckley, U. S. Atty., and John A. Danaher, Asst. U. S. Atty., both of Hartford, Conn., for defendant.

THOMAS, District Judge. The opinion of this court (10 F.[2d] 155) and the reversing opinion of the Circuit Court of Appeals (15 F.[2d] 367) render unnecessary a restatement of the facts in this case. By a stipulation of facts filed June 14, 1927, which was entered into for the purposes of this particular suit, many of the material allegations of the complaint are conceded, and it is agreed by counsel that this stipulation of the facts means that they are to be taken as the facts for this suit only.

The case now presented for adjudication is practically the same as that before the Circuit Court of Appeals. Three reasons are urged by the defendant for a dismissal of the suit, and they will be considered in the order in which they are presented.

The defendant urges that the plaintiff was

not a purchaser of the annuity for value by reason of her election to take under the will rather than under the Connecticut statute of distribution. Whatever merit this contention may have, I deem myself foreclosed of any consideration of the same upon the opinion of the Circuit Court of Appeals, supra. The decision of that court definitely negatives the applicability of Irwin v. Gavit, 268 U. S. 161, 45 S. Ct. 475, 69 L. Ed. 897, to the facts at bar.

[1] The second ground is that, in the claim presented to the Commissioner of Internal Revenue for a refund, "the alleged purchase for value theory" was not set out as a ground for such refund. I regard the claim as untenable. In Union & New Haven Trust Co. v. Eaton, Collector, 20 F.(2d) 419, decided by this court on June 2, 1927, it was held that a plaintiff, suing for a refund, is not barred from setting up a ground for relief which was not specified in his claim for refund. There this court said: "To hold, therefore, that a plaintiff is precluded from asserting a reason * * * not advanced in his notice of claim, is to read a condition into the statute not legislated by Congress."

Assuming, however, that the facts upon which a claim for refund is predicated must be incorporated in the notice of claim, and assuming that the plaintiff is precluded from setting up any further facts in her complaint, I cannot find that the notice of claim filed in the case at bar is deficient. The Commissioner is therein apprized of all of the material facts. It is true that the *theory* of the relief is not set out. But the theory of a claim for relief is something separate and apart from the facts, and the same set of facts may, and often does, give rise to differing theories. To say that an argument may not be advanced in this court which was not elaborated in the notice of claim before the Commissioner is unwarranted by the language and intent of the statute under consideration.

The third ground for dismissal attacks the jurisdiction of this court to entertain the suit in any event. It is unfortunate that this objection was not raised when the case was before this court in the first instance, and that it was not urged before the Circuit Court of Appeals, in order that the objection could have had the consideration of the Circuit Court of Appeals when the case was before it on appeal. As objections to the jurisdiction may be made at any stage of the proceedings, we will now proceed to consider the objection on its merits.

[2] It is urged that the language of subparagraph 20 of section 24 of the Judicial Code, as amended by Revenue Act 1921, § 1310 (c), (being 28 USCA § 41 [20]), makes it mandatory upon a plaintiff suing to recover taxes illegally collected to bring his suit against the United States, where the collector to whom the taxes were paid is either dead or no longer in office. I am unable to follow the reasoning advanced by the defendant in support of this contention. In Smietanka v. Indiana Steel Co., 257 U. S. 1, 42 S. Ct. 1, 66 L. Ed. 99, it was held that a taxpayer, suing to recover taxes illegally collected, could not initiate his action against the collector's successor in office. From this it follows that the plaintiff could not have brought her suit against the present collector of internal revenue. If we adopt the defendant's view of the matter, then the personal obligation under which a tax collector is subjected in some manner disappears the moment he resigns from office, or his term of office expires. If he has not previously been served with process, that ends the matter. His successor in office is, of course, not amenable. It is then to the United States only that recourse may be had.

If we grant the validity of this reasoning, then the real nature of the objection is not to the jurisdiction of the court, but rather to the sufficiency of the cause of action. Perhaps it may be said it is not even that; for, if we grant that a cause of action did exist against this defendant while he retained office, then his severance from office merely avails as a plea in abatement. We need not, however, develop the discussion along these lines, as I do not construe the statute in the sense contended for by the defendant.

Subparagraph 20 of section 24 of the Judicial Code had already vested in the District Courts jurisdiction to try claims not in excess of $10,000 against the United States for damages not sounding in tort, for which the plaintiff would have had a cause of action if the United States were suable. Clearly the recovery of taxes illegally assessed could be predicated in assumpsit. The grant of this jurisdiction did not, however, result in depriving the court of jurisdiction to entertain a suit against a collector of internal revenue for taxes illegally collected, where the amount sued for was less than $10,000. In 1921, the section was amended by expanding the concordance between the jurisdiction of the Court of Claims and the District Court. The District Courts were then permitted to entertain suits against the United States for the recovery of any internal revenue tax erroneously assessed, even if in excess of $10,000. Prior to the act of 1921, if the amount

claimed against the United States was more than $10,000, the District Court would have had no jurisdiction.

But the grant of additional jurisdiction was conditioned upon the nonincumbency of the collector to whom the tax had been paid. If that collector still held office, then the District Court would have no jurisdiction to entertain the suit against the United States. No arguable question can be raised concerning the actual possession and exercise of jurisdiction by the District Court of actions against incumbent collectors to recover taxes illegally collected.

[3] In his attack on the jurisdiction of the court, counsel for the defendant argues that the complaint should be dismissed because nothing appears from the record to indicate that the payments in question were made under duress and protest. I am inclined to the opinion that this objection would have been sound, had it been made prior to the passage of the Revenue Act of 1924. As the law then stood, a distinction undoubtedly existed between the conditions precedent to an action against the United States and one against the collector. As against the United States it was unnecessary to allege and prove that the payment had been made under protest. The theory of the action against the collector was that the payment had been exacted under duress, and for that reason a protest accompanying the payment was a condition precedent to a right of action against him. Fox v. Edwards (C. C. A.) 287 F. 669, 34 A. L. R. 973; Coffey v. Exchange Bank (C. C. A.) 296 F. 807. Nor is there anything in the case of Edwards v. Chile Copper Co. (C. C. A.) 273 F. 452, cited by the plaintiff, which militates against this view, as in that case the opinion clearly shows that the stamp taxes therein sought to be recovered were paid under protest.

But section 1014 (a) of the Revenue Act of 1924 (26 USCA § 156; Comp. St. § 5949) amended section 3226 of the Revised Statutes in one very important particular. That section already provided that no suit could be maintained for the recovery of an internal revenue tax, alleged to have been illegally collected, until appeal had been made to the Commissioner of Internal Revenue, and a period of six months allowed to elapse. Under Rev. St. § 3227 (Comp. St. § 5950), the limitation was two years. The amendment consisted, substantially, in extending the limitation to five years from the date of the payment of the tax and in the incorporation of the following language: "But such suit or proceeding may be maintained, whether or not such tax, penalty, or sum has been paid under protest or duress."

I am of the opinion that this language changes the rule theretofore prevailing and that an action may now be maintained against a collector for the recovery of income taxes erroneously paid, regardless of protest. This conclusion is in harmony with the decision of two District Judges in the case of Beatty v. Heiner, 10 F.(2d) 390, where the identical point was decided. On page 392, Judge Schoonmaker said:

"This brings us to the second question raised. The return made by Beatty was voluntarily made, and the tax was paid without protest or without duress. Can he, under these circumstances, recover these taxes? Under ordinary circumstances, voluntary payments of money may not be recovered back, and were it not for the provisions of section 1014 (a), title 10, of the Revenue Act of 1924 (Comp. St. Supp. 1925, § 5949), we would say that in the instant case this sum might not be recovered now by Beatty's executrix. The act of 1924, however, provides in reference to actions for the recovery of internal revenue tax alleged to have been erroneously assessed or taxed, 'but such suit * * * may be maintained, whether or not such tax, penalty, or sum has been paid under protest or duress.' In view of the provisions of this statute, we therefore conclude that this action may be maintained, and that the erroneously paid tax may be recovered."

It follows, therefore, that judgment may be entered for the plaintiff in the sum of $9,556.91, the same being the amount set forth in paragraph 17 of the stipulation as the total amount of tax paid by the plaintiff, together with the costs of this suit; and it is so ordered.