814

## CROSSETT TIMBER CO. v. UNITED STATES.
### No. 10491.

District Court, D. Oregon.

Feb. 17, 1930.

Alfred P. Dobson and Robert T. Jacob, both of Portland, Or., for plaintiff.

J. W. McCulloch, Asst. U. S. Atty., of Portland, Or.

BEAN, District Judge.

It is admitted that $15,612.22 was wrongfully and unlawfully exacted from plaintiff for income and excess profit tax for the year 1918, in excess of what was legally due from it. $10,354.33 of this amount has been refunded. This action is brought to recover the balance.

■ The defendant insists that an action to recover income taxes improperly assessed and paid to a collector, who is still in office, is not maintainable against the United States, but against the collector only. This position, in my opinion, is not well taken, for as said by the Supreme Court in U. S. v. Emery, 237 U. S. 28, 35 S. Ct. 499, 500, 59 L. Ed. 825: "The United States has received and keeps the money, and would indemnify the collector if he had to pay * * * the least that can be said is that it would be adding a fifth wheel to the coach to require a circuitous process to satify just claims." See, also, Schwab v. U. S. (C. C. A.) 17 F. (2d) 34.

■ It is also contended by the defendant, that no claim for a refund of the balance of the tax now in controversy was made within the time provided by law, and the action is therefore barred. Section 284 of the Revenue Act of 1926 (44 Stat. at Large, 66 [26 USCA § 1065]), as far as material here, provides that no "credit or refund shall be allowed or made after three years from the time the tax was paid, in the case of a tax imposed by this Act * * * nor after four years from the time the tax was paid in the case of a tax imposed by any prior Act, unless before the expiration of such period a claim therefor is filed by the taxpayer." But "if the invested capital of a taxpayer is decreased by the commissioner, and such decrease is due to the fact that the taxpayer failed to take adequate deductions in previous years, with the result that there has been an overpayment of * * * taxes in any previous year or years, then the amount of such overpayment shall be credited or refunded, without the filing of a claim therefor" notwithstanding the prescribed limitation has expired.

It was under this latter provision that the refund of $10,354.33 was made, the commissioner holding that the overpayment was due to a decrease in invested capital from the failure of the taxpayer to take adequate deductions for the year 1918. No claim for refund of this amount was required, nor has the statute of limitations any application thereto. The claims for refund filed by the plaintiff in May, 1924, and March, 1925, may therefore, I take it, properly be held to apply to the amount now in dispute. The claims were filed within the four year period; they were for a refund of an amount in excess of that withheld; they were based on the ground that adequate deductions had not been allowed. They were in my opinion sufficient in form. Union & New Haven Trust Co. v. Eaton, Collector (D. C.) 20 F.(2d) 419; Warner v. Walsh (D. C.) 27 F.(2d) 952; Jones v. Lucas (D. C.) 33 F.(2d) 907. They were so treated by the commissioner, but made applicable to a refund for which claim was not required.

Judgment for plaintiff.