### EXCHANGE NAT. BANK OF SHREVEPORT, LA., v. UNITED STATES.

### No. 1961.

District Court, W. D. Louisiana, Shreveport Division.

Jan. 9, 1931.

Irion, Comegys & Switzer, of Shreveport, La., for plaintiff.

Philip H. Mecom, U. S. Atty., and Elmer A. Mottet, Asst. U. S. Atty., both of Shreveport, La.

DAWKINS, District Judge.

This is an action to recover the sum of $2,063.71, alleged to have been wrongfully assessed and collected as income taxes. Defendant excepted to the jurisdiction of the court on the ground that the suit could only be brought directly against the government if the amount claimed was in excess of $10,000 under paragraph (c) of section 1310 of the Revenue Act of 1921, amending paragraph 20, section 24, of the Judicial Code, 42 Stat. 311, and amendments thereof of 1924 and 1925, now appearing as section 41, subsection 20, title 28 of the U. S. Code (28 USCA § 41(20).

I am of the view that the suit is properly brought against the United States. Prior to the enactment of the provisions of the Revenue Act of 1921, it had been held that a taxpayer might bring such an action against the government under the Tucker Act (24 Stat. 505), if the claim did not exceed $10,000. U. S. v. Emery, Bird, Thayer Realty Company, 237 U. S. 28, 35 S. Ct. 499, 59 L. Ed. 825; U. S. v. Hvoslef, 237 U. S. 1, 35 S. Ct. 459, 59 L. Ed. 813, Ann. Cas. 1916A, 286. Hence it would seem that the only necessity for the provision in the act of 1921 was to permit suits to be brought under the revenue laws for claims in excess of that sum. The pertinent clause of the act of 1921 is as follows:

"(c) Paragraph 'Twentieth' of section 24 of the Judicial Code is amended by adding at the end thereof the following new paragraph: Concurrent with the Court of Claims, of any suit or proceeding, commenced after the passage of the Revenue Act of 1921, for the recovery of any internal-revenue tax alleged to have been erroneously or illegally assessed or collected, or of any penalty claimed to have been collected without authority or any sum alleged to have been excessive or in any manner wrongfully collected, under the internal-revenue laws, even if the claim exceeds $10,000, if the collector of internal-revenue by whom such tax, penalty, or sum was collected is dead at the time such suit or proceeding is commenced."

Section 24 of the Judicial Code (28 USCA § 41) was the one permitting suits against the United States, and Congress was, of course, familiar with the decisions just cited. Therefore, it evidently did not intend to take away any remedy which already existed, but added thereto further jurisdiction, in so far as claims arising under the Revenue Law were concerned; "even if the claim exceeds $10,000, if the collector of internal-revenue * * * is dead at the time such suit or proceeding is commenced." The section was re-enacted without change in the Revenue Act of 1924 (43 Stat. 348), but was amended by the Act of February 24, 1925 (43 Stat. 972), by adding after the word "dead," in the act of 1921, the phrase "or is not in office as collector of internal revenue," when the suit is commenced. It will be noted, as quoted above, that in the punctuation of the Revenue Act of 1921, as well as in the subsequent re-enactment and amendment, the

phrase "even if the claim exceeds $10,000" is separated from what precedes by a comma, and while the succeeding one, "if the collector of internal-revenue * * * is dead or is not in office, * * *" is also set off by the same punctuation mark, it cannot be assumed that Congress, in enlarging the jurisdiction of the District Court, intended to withdraw any remedy which already existed. It would appear more consistent to say that the right to sue the government direct for these larger amounts was to be conditioned upon the death or retirement of the collector against whom the recovery is sought; otherwise, with the knowledge of what the courts had held, the amendment would have more clearly provided that all such suits should be brought against that official, if he were available. The original provision of the Revenue Act of 1921 did not purport to re-enact or change section 24 of the Judicial Code, but simply amended it "by adding at the end thereof the following new paragraph. * * *" I am therefore constrained to agree with the holdings in the cases cited by plaintiff, to wit, Schwab v. U. S. (C. C. A. 7th Circuit) 17 F. (2d) 34; Crossett Timber Co. v. U. S. (D. C.) 38 F.(2d) 814.

The plea will therefore be overruled. Proper decree may be presented.