## RAMSAY v. UNITED STATES.
### No. 540.

District Court, W. D. Missouri, S. W. D.
Sept. 15, 1931.

Allen McReynolds, of Carthage, Mo. (Milo A. Lang and Geo. B. Lang, both of Joplin, Mo., on the brief), for plaintiff.

Wm. L. Vandeventer, U. S. Atty., and Thos. J. Layson, Asst. U. S. Atty., both of Kansas City, Mo., and Wm. B. Waldo, Sp. Atty., Bureau of Internal Revenue, and C. M. Charest, Gen. Counsel, Bureau of Internal Revenue, both of Washington, D. C.

OTIS, District Judge.

There are three principal questions in this case. The first is this: Has the plaintiff proved that the tax he now seeks to recover was illegally assessed against him? The second question is, Has the plaintiff, by presenting to the Commissioner of Internal Revenue sufficient claims for refund, satisfied the prerequisites to the institution of a suit? If these questions are answered affirmatively, then the third question is, Does the statute of limitations preclude the maintenance of plaintiff's cause of action? Obviously, if the first question is answered in the negative, it will be unnecessary to answer questions 2 and 3. If the first is answered in the affirmative and the second in the negative, the third question need not be considered. If the first and second questions are affirmatively answered and the last in the negative, the plaintiff is entitled to judgment.

1. The plaintiff was a stockholder in a Kansas corporation engaged in the mercantile business at Atchison, Kan. The principal stockholders were the plaintiff and his brother and members of their families. In 1919 the corporation was dissolved, and the business continued as a partnership under essentially the same ownership and control. Upon the dissolution of the corporation, the plaintiff and other stockholders received liquidating dividends. The tax involved in this case was upon the liquidating dividend received by plaintiff which was determined by the defendant to have been in the amount of $10,409.15. The tax assessed was upon that amount of income. The contention of the plaintiff is that the liquidating dividend he received was only $502.73 and that the tax due from him was on this lesser amount.

The burden was on the plaintiff to prove the overassessment.

There appears to be no controversy between the parties but that the amount of all the liquidating dividends received by all the stockholders (of which the plaintiff received his proportionate part) was to be determined in this case by subtracting the value of the assets of the corporation as of September 1, 1913, from their value as of March 3, 1919, the date of dissolution.

The defendant fixed the value of the assets of the corporation at $82,710 as of September 1, 1913. The plaintiff contends that that value was in fact $128,738.13, or so much greater than the value used by the defendant as that the plaintiff's liquidating dividend was not more than $502.73.

What did the plaintiff prove?

Upon this issue, vital to the plaintiff's case upon the merits, the plaintiff offered the testimony of two witnesses, as follows:

Testimony of Donald Ramsey:

"Q. Were you connected with the Ramsey Store in Atchison? A. Yes, sir.

"Q. When did the Ramseys acquire that store? A. 1907.

"Q. Can you tell the Court something about the extent and volume of the business of that store for the years from 1907 to 1913? A. I think it ran about $185,000 to $250,000 or $260,000 during those years.

"Q. Can you give the Court the amount by years? A. Well, I don't believe I could do that exactly.

"Q. Can you give the profits per annum? A. Yes, I think I could from about 1909 with the exception of about one year.

"Q. All right. Tell the Court what the profits were. A. $9,393.08 for 1908. 1909, $15,245.35. 1910, I haven't got. 1911 ran $38,817.99. 1912, $33,039.38.

"Q. Now, I will ask you to state whether you have had prior to 1918 a well established trade name and business in that vicinity? A. Exceptionally well.

"Q. I will ask you to state whether it was part of the policy of your establishment to carry a continuous advertising for the purpose of establishing yourselves in that particular area? A. Yes, it was."

Testimony of Milo A. Lang, accountant and attorney:

"Q. Mr. Lang, are you familiar with the income and revenue practice and the regulations of the Department governing the same? A. I think I am.

"Q. I will ask you to state what methods, if any, are provided, what formula, if any, is provided for those regulations for the estimation of the value of good will or trade name? Have you made a calculation according to those records? A. I have, sir.

"Q. Based upon the earnings shown by records of this company? A. Yes, sir.

"Q. State how you arrive at your calculations? A. Under A. R. M. 34, which provides a method for arriving at the value of a going concern, the percentage of fifteen is used as the base for arriving at the value of the corporation where earnings are used in arriving at that value. The earnings of the Ramsey Brothers for five years, eliminating the year 1910, of which I did not have the record here—in other words, the earnings for four years divided by five give an average earning for five years of $19,310.72. That capitalized at fifteen per cent gives a valuation of the property as of the end of 1912 of $128,738.13."

The plaintiff offered no other testimony and the defendant none.

Now is this testimony proof that on September 1, 1913, the value of the assets of the corporation was $128,738.13 or any other definite amount?

As I view the matter, this testimony proves little, if it proves anything at all. Let it be admitted that it proves, although it does that unsatisfactorily, that the average annual profits of the corporation for the five years ending December 31, 1912, was $19,310.72. That is the only fact which may be said to have been proved.

■ In addition to that, there is nothing other than the opinion of an accountant and attorney [1] that the value of a going concern is to be ascertained by capitalizing earnings at 15 per cent. But is such an opinion of probative value? It seems to me it is not. One who is shown to be qualified as an expert in values may give testimony having probative value if the basis of fact given by him in support of his opinion is reasonably sufficient to give value to his opinion. But there was nothing to show that this witness had any qualification as an expert in the value of mercantile business. There was nothing to show that on September 1, 1913, he had seen or knew anything of the properties the value of which as of that date was in issue. All he had was the testimony of another as to earnings in a five-year period (with one year entirely omitted), and he applied to that basis an arbitrary percentage. So that he did not testify even to his opinion. The sum of his testimony was that $19,310.72, capitalized at 15 per cent., is $128,738.13, with a suggestion that that was the method used (at some unnamed time) by the Internal Revenue Department in arriving at the values of a going concern. I cannot believe such testimony constitutes any proof of value or that it overcomes the presumption of the correctness of the defendant's assessment and tax.

And, if the testimony introduced by the plaintiff did have probative value, it proved the value of the corporation "as of the end of 1912," and not as of September 1, 1913.

My conclusion then is that the plaintiff has failed on the merits to prove an excessive assessment and tax.

■ 2. Statutes and regulations (having the force of statutes) in effect at the times involved in this controversy made it a prerequisite for the maintenance of an action of this character that a claim for refund be

[1] The fact that I have personal knowledge of the excellent reputation and fine ability of this witness of course cannot give greater significance to his testimony or change its character as opinion evidence.

filed with the Commissioner of Internal Revenue in which "all the facts relied upon in support of the claim should be clearly set forth under oath."

The plaintiff did file claims for refund, one on May 16, 1927, and another at a later time. In the first, all that was said pertinent here was: "This claim * * * is predicated upon the following error. * * * That in the computation of the net income for the year 1919 the Commissioner used the following liquidating dividend from Ramsey Brothers Dry Goods Co., Atchison, Kansas, $10,677.60. Taxpayer's proportionate share of the liquidating dividend of the said Ramsay Brothers Dry Goods Co. is in the sum of $502.73 instead of $10,677.60 as claimed by the Commissioner."

The second claim for refund did not amplify the claim further than to say that the "books and records" showed the liquidating dividend to be $502.73.

Now did these claims for refund set out "all the facts relied upon in support of the claims?"

Clearly they did not. Indeed, they set out only that a claim was being made, that the tax was excessive, that it was calculated on an erroneous estimate of plaintiff's income for 1919. What facts showed the estimate was too high were not stated nor suggested. There was no intimation of what is now asserted was the basis of error, to wit, that too low a September 1, 1913, value was placed on the corporation's assets.

But the plaintiff now argues that, if any claim for refund is filed, it is not necessary, as a prerequisite to the maintenance of a suit, that it state the grounds for the claim. Union & New Haven Trust Co. v. Eaton (D. C.) 20 F.(2d) 419, is cited. But the contrary doctrine was announced by the Court of Appeals for the Eighth Circuit in Tucker v. Alexander, 15 F.(2d) 356. While that case was reversed by the Supreme Court in Tucker v. Alexander, 275 U. S. 228, 48 S. Ct. 45, 72 L. Ed. 253, the Supreme Court did not question the correctness of the principle announced by the Court of Appeals that a claim for refund stating grounds is a prerequisite to suit. It held only that the government might waive that defense. It has not done so here.

The very late case of United States v. Felt & Tarrant Mfg. Co., 283 U. S. 269, 51 S. Ct. 376, 75 L. Ed. 1025, is squarely in point and sets the question at rest.

3. Having answered the first two questions in the negative, it is unnecessary to consider whether the plaintiff's cause of action cannot be maintained because of statutes of limitation.

### Findings of Facts.

I make the following findings of facts:

(1) I find the facts to be as stipulated by the parties.

(2) I find that the liquidating dividend received by the plaintiff upon the dissolution of the Ramsay Bros. Dry Goods Company in 1919 was that used by the defendant as a basis for the calculation of the tax due by plaintiff and was $10,677.60.

(3) I find that in none of his claims for refund did the plaintiff state all the facts nor any of the facts upon which a refund was claimed nor the ground for refund urged by him in this case.

### Conclusions of Law.

I conclude as a matter of law that the tax assessed against and collected from the plaintiff was that which was rightfully and lawfully owing by him.

I conclude as a matter of law that the plaintiff cannot maintain this action, for the reason that at no time did he file a claim for refund setting out the facts upon which such claim was based or stating the ground now urged for recovery from the defendant.

### Indicated Judgment.

Judgment should be for the defendant. A judgment entry may be prepared and submitted for approval.